UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ANTHONY R. JAGIELLO,

        Movant,

        v.                        Case No.  09-C-1151

UNITED STATES OF AMERICA,

        Respondent.

ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255

On December 11, 2009, Anthony Jagiello filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Jagiello was convicted of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was sentenced to 57 months imprisonment on each count, to run concurrently with each other and the revocation sentence he was serving in Milwaukee County Circuit Court Case No. 03CF3242. Jagiello did not appeal his conviction.

Initially, the court must examine the motion under Rule 4 of the Rules Governing § 2255 Proceedings, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 motions require an assertion that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the

sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.[1]

In his motion, Jagiello asserts one ground for relief[2]: ineffective assistance of counsel for failure to argue that his sentence should be adjusted pursuant to U.S.S.G. §5G1.3(b)(1). Jagiello believes he is entitled to credit for time spent in state custody prior to the date he was sentenced by this court in Case No. 08-CR-47. The state sentence Jagiello refers to is the revocation term of imprisonment in Milwaukee County Circuit Court Case No. 03CF3242. As noted in the presentence investigation report in this case, Jagiello was convicted of manufacture/delivery of cocaine in the Milwaukee County case, and was sentenced in December 2003 to two years confinement and four years of extended supervision. He was released from state custody in 2005, and his extended supervision was revoked by the state circuit court on May 6, 2008, on the grounds that gave rise to the federal charges here.[3] Jagiello contends that his counsel should have asked this court to reduce his federal sentence by crediting him with time that he served in the state revocation matter, pursuant to §5G1.3(b)(1).

_____

[1] Pursuant to 28 U.S.C. § 2255(f)(1), a one-year limitations period applies from the date on which the judgment of conviction becomes final. Here, judgment was entered in Jagiello's criminal case on December 2, 2008. Because Jagiello did not file a notice of appeal, his conviction became final 10 days after the entry of judgment, excluding holidays, weekends, and the date triggering the event. *See* Fed. R. App. P. 4(b), 26 (since amended, Dec. 1, 2009). Jagiello declares that he placed his § 2255 motion in the prison mailing system on December 11, 2009. *See* Rule 3 of the Rules Governing § 2255 Cases; 28 U.S.C. § 1746. Thus, it appears Jagiello's motion is timely.

[2] Jagiello's motion lists two grounds for relief, but they are essentially the same: ineffective assistance of counsel for failure to argue that his sentence should be adjusted pursuant to U.S.S.G. §5G1.3(b)(1).

[3] Also, the plea agreement in this case provides that the government "agrees to recommend that the Court's sentence be made concurrent to the *defendant's revocation sentence* in state court, said revocation being based on the same conduct described here." Further, during the sentencing hearing, this court clarified for the record that the defendant was presently in state custody based on the revocation sentence "so that there is no issue later as to how much sentencing credit he would be entitled to for federal custody, if any."

2

In general, allegations that a court incorrectly applied sentencing guidelines are not cognizable under § 2255. *See, e.g., United States v. Wisch*, 275 F.3d 620, 625 (7th Cir.2001) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)). However, ineffective assistance of counsel may provide grounds for relief under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). "To succeed on a claim of ineffective assistance, a prisoner must prove (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984).

Here, Jagiello cannot establish ineffective assistance of counsel on this point because he was not entitled to a sentence adjustment under §5G1.3(b). That provision applies only if the state term of imprisonment "resulted from another offense that is *relevant conduct* to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) *and* that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)." U.S.S.G. §5G1.3(b); *United States v. Brown,* Case No. 09-2269, 2010 WL 21182, *2 (7th Cir. Jan. 6, 2010) ("Subsection (b) directs the district court to adjust a federal sentence only when the defendant is already serving a term of imprisonment for "relevant conduct" that increased the offense level under Chapter 2 or Chapter 3.").

Jagiello's revocation sentence did not result from "relevant conduct" that provided a basis for an offense-level increase in his federal sentence. *See United States v. Broadnax*, 536 F.3d 695, 701 (7th Cir. 2008) ("Thus, before Broadnax can avail himself of §5G1.3(b), he must show both that the state charges were 'relevant conduct' to his federal

3

offense and that the state charges provided the basis for an offense-level increase in his proceedings on the federal charges."). Instead, Jagiello's situation falls under §5G1.3(c), which provides that "in any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment." Application note 3(C) specifically states that §5G1.3(c) is to apply where "the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole or supervised release revoked." "Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." U.S.S.G. §5G1.3 app. n.3(E); *see also United States v. Campbell*, 667 F. Supp. 2d 993, 997 (E.D. Wis. 2009) ("In cases in which the defendant is serving an undischarged term of imprisonment based on a revocation, U.S.S.G. §5G1.3(c) applies.").[4]

Because §5G1.3(b) does not apply to Jagiello's case, any objection raised by Jagiello or his counsel at sentencing would not have resulted in an adjustment to his sentence. Therefore, Jagiello is unable to establish that his counsel's performance was deficient and that he suffered prejudice as a result. *See Strickland,* 466 U.S. at 688 (holding that in order to demonstrate ineffective assistance the defendant must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's errors prejudiced the defense).

---

[4] In fact, application note 3(C) to §5G1.3 indicates that when §5G1.3(c) applies, "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." However, following discussion of the applicable sentencing factors on the record, this court agreed to impose a sentence concurrent to the state sentence under the circumstances.

4

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant makes a "'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008)). As discussed, Jagiello's state sentence followed revocation of his supervised release in Milwaukee County Circuit Court Case No. 03CF3242, and he was therefore not entitled to any adjustment of his federal sentence under U.S.S.G. §5G1.3(b). The court cannot conclude that reasonable jurists would reach a different result under the circumstances. Therefore,

IT IS ORDERED that Jagiello's motion to set aside, vacate, or correct sentence is dismissed pursuant to Rule 4 of the Rules Governing § 2255 Cases.

IT IS FURTHER ORDERED that a certificate of appealability is denied pursuant to Rule 11 of the Rules Governing § 2255 Cases.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

5